PAUL CASHEN AND IRENE CASHEN, PLAINTIFFS-RE-
SPONDENTS, v. FRANK SPANN, ROBERT BICKLEY AND
JOHN DUNNE, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued May 24, 1977—Decided June 10, 1977.

Before Judges MATTHEWS, SEIDMAN and HORN.

*Mr. Steven Weinstein* argued the cause for appellants (*Messrs. Weinstein & Korn,* attorneys; *Mr. Herbert M. Korn,* on the brief).

*Mr. Joseph S. Accardi* argued the cause for respondents (*Messrs. Accardi & Koch,* attorneys).

The opinion of the court was delivered by

HORN, J. A. D. Since this case and the issue confronting us have heretofore been considered by our Supreme Court, 66 *N. J.* 541 (1975), *cert.* den. 423 *U. S.* 829, 96 *S. Ct.* 48, 46 *L. Ed.* 2d 46 (1975), on an appeal from the Appellate Division, whose opinion is reported at 125 *N. J. Super.* 386 (1973), wherein the facts are set forth, we need not relate those facts in detail.

Plaintiffs are husband and wife whose house was searched by defendant police officers by virtue of a search warrant to uncover proof of gambling activity which was obtained on the affidavit of defendant Bickley. The affidavit stated that material information recounted therein was supplied by a "reliable" but unidentified informer. Plaintiffs seek compensatory and punitive damages of said officers and also of "John Doe," the alleged informer, because the affidavit was "grossly erroneous in significant respects and that the search failed to reveal any evidence of gambling activity." *Cashen v. Spann,* 66 *N. J.* at 544.

The question is whether defendants should be required, in the circumstances of this case, to disclose the identity of the informer. Judge Antell, in a comprehensive opinion reported at 143 *N. J. Super.* 560 (Law Div. 1976), decided that the information should be furnished to plaintiffs. We affirm essentially for the reasons set forth in Judge Antell's opinion and the following comments.

■ Each case where such disclosure is sought must be determined introspectively on its own facts in the light of the governing principles outlined by our Supreme Court, 66 *N. J.* at 555–557. Here we find, as did Judge Antell, that there are exceptional reasons for balancing the respective interests mentioned by the Supreme Court in favor of divulging the alleged informer's identity.

■ Without an opportunity to discover the identity of the informer, plaintiffs' ability to sustain their action is extremely doubtful. The evidence is devoid of any indication that the alleged informant may be subject to physical harm, harassment or other untoward consequences. In fact, that possibility is not even suggested by defendants. *Cf. State v. Milligan,* 71 *N. J.* 373, 384 (1976).

Defendants offer no solid reasons why the information should not be supplied, beyond the argument that unwarranted disclosure of government informers would pose a very real threat to the continued vitality of the informer system. Judge Antell appropriately determined that argument adversely to defendants. 143 *N. J. Super.* at 565–566.

Defendants' concern for the effect of the trial judge's order on the informer system lacks the force that it might otherwise have if advanced by those officially concerned with law enforcement. *Cf. Black v. Sheraton Corp. of America,* 47 *F. R. D.* 263 (D. C. 1969); *Cashen v. Spann,* 66 *N. J.* at 555, n. 6, wherein it was said:

*Evid. R.* 36 gives the "witness," in this case defendants, the right to assert the privilege. Since, however, the privilege exists for the benefit of the State, the State may also assert the privilege on its own behalf. When the State has not been joined as a party defend-

ant, it is appropriate to permit it to intervene for the limited purpose of seeking a protective order against disclosure of the identity of an informer. *Cf. O'Keefe v. Boeing Co.*, 38 *F. R. D.* 329 (S. D. N. Y. 1965).

Although the State was a party to the appeal before the Supreme Court in the present case, it is no longer a party. We consider it noteworthy that the State did not seek intervention so as to be heard on the subject question.

We note that the trial judge stated (143 *N. J. Super.* at 565) that plaintiff Paul Cashen's deposition of June 18, 1973 was received into evidence on plaintiffs' offer. This is erroneous. It was admitted on defendants' offer. However, we do not deem this error to be significant.

Affirmed.